FILED
John E. Triplett, Acting Clerk
United States District Court

By CAsbell at 9:41 am, Dec 03, 2020

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| CORNELL BRUMFIELD, | |
| Plaintiff, | CIVIL ACTION NO.: 2:20-cv-43 |
| v. | |
| WARDEN C. GARRETT, et al., | |
| Defendants. | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff filed this action, asserting claims under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq.*, 28 U.S.C. § 1331, and the Prison Rape Elimination Act, 42 U.S.C. § 15601 *et seq*. ("PREA"). Docs. 1, 1-1. This matter is before the Court for a frivolity screening under 28 U.S.C. § 1915A. For the reasons stated below, I **RECOMMEND** the Court **DISMISS** the following portions of Plaintiff's Complaint:

1. Plaintiff's Bivens claims against Defendants in their official capacities;

2. Plaintiff's Bivens claims against Defendants Garrett and Union in their individual capacities;

3. All claims against Defendant Federal Bureau of Prisons;

4. Plaintiff's FTCA claim against Defendant Garrett; and

5. Plaintiff's claim under the PREA against Defendant Solow.

However, I **FIND** one of Plaintiff's claims may proceed. Specifically, the Court will direct service, by separate Order, of Plaintiff's Eighth Amendment excessive force claim against Defendant Solow.

# PLAINTIFF'S CLAIMS[1]

Plaintiff filed this suit after Defendant Solow attacked him from behind. Doc. 1 at 5. Defendant Solow assaulted Plaintiff by punching him in the face, placing him in a "rear naked chokehold" and held his face to the ground, attempting to break his neck. Id.; Doc. 1-1 at 5–6. Plaintiff avers the assault by Defendant Solow violates his Eighth Amendment right to be free from cruel and unusual punishment, as well as constitutes a "hate crime." Doc. 1-1 at 4, 5–6. Additionally, Plaintiff contends Defendant Solow violated his Eighth Amendment rights and the PREA by "exposing his nakedness" to other inmates. Id. at 4.

Plaintiff also sues Defendant Garrett, FCI Jesup's former Warden, and Defendant Union (i.e., any union of which Defendant Solow is a member). Id. at 2, 4. Essentially, Plaintiff contends Defendant Garrett's employment of Defendant Solow and Defendant Union's knowledge of Defendant Solow's actions violated Plaintiff's constitutional rights, but Plaintiff does not contend Defendants Garrett or Union were personally involved in any violations of his rights. Id. at 2–3, 10. Similarly, Plaintiff seeks to sue the Federal Bureau of Prisons for Defendant Solow's conduct. Id. at 3.

Plaintiff also mentions a tort claim, stating Defendant Garrett failed to replace $450 worth of property destroyed by Defendant Solow, who was under Defendant Garrett's authority, but Plaintiff provides no other factual allegations related to this claim. Id. at 11. Plaintiff is suing Defendants in their individual and official capacities and is seeking monetary damages. Doc. 1 at 3, 5.

---

[1]  All allegations set forth here are taken from Plaintiff's Complaint. Doc. 1. During frivolity review under 28 U.S.C. § 1915A, "[t]he complaint's factual allegations must be accepted as true." Waldman v. Conway, 871 F.3d 1283, 1289 (11th Cir. 2017).

**STANDARD OF REVIEW**

A federal court is required to conduct an initial screening of all complaints filed by prisoners and plaintiffs proceeding *in forma pauperis*. 28 U.S.C. §§ 1915A(a), 1915(a). During the initial screening, the court must identify any cognizable claims in the complaint. 28 U.S.C. § 1915A(b). Additionally, the court must dismiss the complaint (or any portion of the complaint) that is frivolous, malicious, fails to state a claim upon which relief may be granted, or which seeks monetary relief from a defendant who is immune from such relief. Id. The pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993).

A claim is frivolous under § 1915(e)(2)(B)(i) if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)). In order to state a claim upon which relief may be granted, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). To state a claim, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Twombly, 550 U.S. at 555.

**DISCUSSION**

**I.     Official Capacity Claims**

Plaintiff brings this action under Bivens.  "Bivens only applies to claims against federal officers in their individual capacities; it does not create a cause of action for federal officers sued in their official capacities." Sharma v. Drug Enf't Agency, 511 F. App'x 898, 901 (11th Cir. 2013) (citing Corr. Servs. Corp. v. Malesko, 534 U.S. 61, 69–71 (2001)).  "'Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit,' and '[t]he terms of the federal government's consent to be sued in any court define that court's jurisdiction to entertain the suit.'" Id. (quoting JBP Acquisitions, LP v. United States ex rel. FDIC, 224 F.3d 1260, 1263 (11th Cir. 2000)).  There being no plausible allegation that the federal government waived its immunity from suit, Plaintiff cannot sustain any constitutional claims against Defendants in their official capacities for monetary relief.  Accordingly, I **RECOMMEND** the Court **DISMISS** these claims.

**II.    Supervisory Liability**

Plaintiff seeks to hold both Defendant Garret and Defendant Union (if Defendant Solow is a member of a union) responsible for Defendant Solow's actions because Defendants Garret and Union knew of Defendant Solow's conduct and actions toward inmates.  Doc. 1-1 at 2–3.  In a Bivens action, proof of causation between the official's conduct and the alleged injury is necessary for there to be liability.  FDIC v. Meyer, 510 U.S. 471, 485–86 (1994).  Generally, "supervisory officials are not liable under Bivens for unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability." Gonzalez v. Reno, 325 F.3d 1228, 1234 (11th Cir. 2003); see also Fulwood v. Fed. Bureau of Prisons, 568 F. App'x 753, 756 (11th Cir. 2014).  "The standard by which a supervisor is held liable in her individual capacity for the

4

actions of a subordinate is extremely rigorous." Gonzalez, 325 F.3d at 1234 (quoting Braddy v. Fla. Dep't of Labor & Emp't Sec., 133 F.3d 797, 802 (11th Cir. 1998)). Rather:

> [t]o state a claim against a supervisory defendant, the plaintiff must allege (1) the supervisor's personal involvement in the violation of his constitutional rights, (2) the existence of a custom or policy that resulted in deliberate indifference to the plaintiff's constitutional rights, (3) facts supporting an inference that the supervisor directed the unlawful action or knowingly failed to prevent it, or (4) a history of widespread abuse that put the supervisor on notice of an alleged deprivation that he then failed to correct.

Barr v. Gee, 437 F. App'x 865, 875 (11th Cir. 2011); Martinez v. Minnis, 257 F. App'x 261, 266 (11th Cir. 2007). Plaintiff does not allege in his Complaint any personal involvement on behalf of Defendants Garret or Union, but rather alleges Defendant Garrett has a responsibility to keep inmates safe and both Defendants Garrett and Union knew Defendant Solow was "aggressive" with inmates. Doc. 1-1 at 2–4, 10. Though Plaintiff contends Defendants Garrett and Union are responsible for Defendant Solow's conduct, Plaintiff does not claim the existence of a custom or policy resulted in the constitutional violation for which he seeks relief. Moreover, Plaintiff pleads no facts which would support an inference Defendants Garett or Union directed or knowingly failed to prevent any unlawful act, nor does he allege, with any specificity, a history of widespread abuse; rather, Plaintiff describes one assault by Defendant Solow and makes other vague allegations to possible altercations with other inmates. Thus, Plaintiff cannot sustain a Bivens action against Defendants Garrett or Union. I, therefore, **RECOMMEND** the Court **DISMISS** Plaintiff's Bivens claims against Defendants Garrett and Union in their individual capacities.

### III.   Claims Against the Federal Bureau of Prisons

Plaintiff mentions the Federal Bureau of Prisons in his Complaint, but it is not clear he intends to assert a claim against the entity. Doc. 1 at 3 (referring to "Uion or (F.B.O.P) Support

5

Agencys or (FBOP)" [sic]); Doc. 1-1 at 2–3 (omitting the Federal Bureau of Prisons from the list of named Defendants).  To the extent Plaintiff asserts any claim against the Federal Bureau of Prisons, the claim would fail because Plaintiff makes no factual allegations against the entity in his Complaint.  Moreover, a <u>Bivens</u> claim against the Federal Bureau of Prisons seeking only monetary damages would fail as a matter of law.  In <u>Bivens</u>, the United States Supreme Court "recognized for the first time an implied private action for damages against federal officers" for violations of certain constitutional rights.  <u>Corr. Servs. Corp. v. Malesko</u>, 534 U.S. 61, 66 (2001).  A <u>Bivens</u> action is the federal counterpart of an action under 42 U.S.C. § 1983.  An action for money damages may be brought against federal agents acting under the color of their authority for injuries caused by their unconstitutional conduct.  Proof of causation between the official's conduct and the alleged injury is necessary for there to be liability.  A plaintiff asserting a claim under <u>Bivens</u> must show the violation of a valid constitutional right by a person acting under color of federal law.

A <u>Bivens</u> action cannot be brought directly against the United States or against a federal agency.  <u>Meyer</u>, 510 U.S. at 472.  The proper defendants in a <u>Bivens</u> claim are the federal officers who allegedly violated the plaintiff's constitutional rights, not the federal agency which employs the officers.  <u>Id.</u> at 485–86.  Here, Plaintiff seeks to bring claims against a federal agency, the Federal Bureau of Prisons.  The Federal Bureau of Prisons is not a federal officer—it is a federal agency not subject to suit under <u>Bivens</u>.  <u>See</u> <u>Bosfield v. Ard</u>, Civil Action No. CV513-058, 2013 WL 5574458, *2 (S.D. Ga. Oct. 8, 2013) ("Proper defendants in a <u>Bivens</u> claim are the federal officers who allegedly violated the plaintiff's constitutional rights[.]").  Accordingly, I **RECOMMEND** the Court **DISMISS** Plaintiff's <u>Bivens</u> claim against Defendant Federal Bureau of Prisons.

**IV.     FTCA Claims**

Plaintiff has brought an FTCA claim against Defendant Garrett for property destroyed by Defendant Solow.  Doc. 1 at 3; Doc. 1-1 at 11.  The FTCA is a limited waiver of the federal government's sovereign immunity that permits private parties to bring suit in federal court against the United States for injuries resulting from the tortious conduct of persons acting on behalf of the United States.  28 U.S.C. §§ 1346(b)(1) & 2674; see also Ali v. Fed. Bureau of Prisons, 552 U.S. 214, 217–18 (2005) ("In the FTCA, Congress waived the United States' sovereign immunity for claims arising out of torts committed by federal employees.").  Here, Plaintiff sues Defendant Garrett, an individual, for his tort claim.  In an FTCA action, the only proper defendant is the United States.  28 U.S.C. § 2679.

In another part of Plaintiff's Complaint, he does not name a Defendant but cites to Ali v. Federal Bureau of Prisons and states his intention to bring a tort claim.  Doc. 1 at 3.  Even if the Court were to substitute the United States as a Defendant, Plaintiff's FTCA claim would still fail.  In Ali v. Federal Bureau of Prisons, the Supreme Court considered whether a federal prisoner could maintain an FTCA case against the Bureau of Prisons for lost property.  552 U.S. at 214.  The Supreme Court concluded the phrase "any other law enforcement officer" in § 2680(c) must be broadly construed to include the BOP officers who allegedly lost the plaintiff's property, and thus, the United States is immune from suit for cases falling with the "detention of goods" exception to the FTCA.[2]  Id. at 226–27.  Thus, even if Plaintiff's FTCA claim is against the United States, the FTCA does not waive sovereign immunity when a law enforcement officer, such as a BOP employee, loses or damages property.  See Lopez v. United States, No. 5:06-cv-

---

[2]     The detention of goods exception excludes from the FTCA's waiver of sovereign immunity "[a]ny claim arising in respect of the assessment or collection of any tax or customs duty, or the detention of any goods, merchandise, or other property by any officer of customs or excise or any other law enforcement officer."  28 U.S.C. § 2680(c).

446, 2009 WL 1862219, at *2 (M.D. Fla. June 26, 2009) (granting the defendant's motion to dismiss because defendant-United States does not waive sovereign immunity for FTCA claims where a BOP official loses or destroys property). Accordingly, I **RECOMMEND** the Court **DISMISS** Plaintiff's FTCA claims against Defendant Garrett in his individual capacity.

## V.     Plaintiff's PREA Claim Against Defendant Solow

Along with Eighth Amendment claims, Plaintiff seeks to bring a claim under the PREA for Defendant Solow exposing him to other inmates. Doc. 1-1 at 4. The "PREA was enacted by Congress to address the problem of rape in prison by creating national standards to prevent, detect, and respond to prison rape." Diamond v. Allen, No. 7:14-CV-124, 2014 WL 6461730, at *4 (M.D. Ga. Nov. 17, 2014) (citation omitted). However, the "PREA does not create a private cause of action for allegations of prison rape, or otherwise confer any extra rights outside of the normal prison grievance system . . . ." Id. (citations and quotations omitted). Therefore, Plaintiff does not have a claim under the PREA, as the PREA does not create a private cause of action. Accordingly, I **RECOMMEND** the Court **DISMISS** Plaintiff's claim under the PREA against Defendant Solow.

## CONCLUSION

For the reasons set forth above, I **RECOMMEND** the Court I **RECOMMEND** the Court **DISMISS** the following portions of Plaintiff's Complaint:

1.     Plaintiff's Bivens claims against Defendants in their official capacities;

2.     Plaintiff's Bivens claims against Defendants Garrett and Union in their individual capacities;

3.     All claims against Defendant Federal Bureau of Prisons;

4.     Plaintiff's FTCA claim against Defendant Garrett; and

5.     Plaintiff's claim under the PREA against Defendant Solow.

However, I **FIND** some of Plaintiff's claims may proceed.  Specifically, the Court will direct service of Plaintiff's Eighth Amendment claims against Defendant Solow by separate Order.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date.  Objections shall be specific and in writing.  Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included.  Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions.  28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, No. 17-11264, 2020 WL 6039905, at *4 (11th Cir. Oct. 13, 2020).  To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections.  Harrigan, 2020 WL 6039905, at *4; 11th Cir. R. 3-1.  A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 3rd day of December, 2020.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA